UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NATTLENA BAKER,

    Plaintiff

v.

THE SCHOOL BOARD OF BROWARD
COUNTY, FLORIDA,

    Defendant.

_____/

CASE NO.:

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

## **COMPLAINT**

Plaintiff, Nattlena Baker, by and through her counsel, Derek Smith Law Group, PLLC, hereby complains of the Defendant The School Board of Broward, Florida, and alleges as follows:

## **NATURE OF CASE**

1. This is an action for damages and other relief pursuant to Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) ("ADA"); and the Florida Civil Rights Act of 1992, Section 760.10 *et seq.* ("FCRA"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against because of her disability and retaliated against by her employer solely due to her disability and for complaining of the ongoing harassment and/or discrimination.

## **JURISDICTION AND VENUE**

2. This is an action for monetary damages and all other appropriate relief as deemed by the court, pursuant to Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) ("ADA") and FCRA.

1

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) ("ADA") and FCRA.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon the fact Defendants were located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district. Plaintiff was employed by Defendant within Broward County, Miami. Additionally, the events took place in Broward County, Miami.

## PROCEDURAL PREREQUISITES

5. Plaintiff has complied with all statutory prerequisites to file this action.

6. On or about October 12, 2018 Plaintiff dual-filed charges with the EEOC and FCHR against Defendant as set forth herein.

7. An EEOC filing automatically operates as a dual Florida Commission on Human Relations ("FCHR") filing.

8. On or about June 28, 2019, the EEOC issued Plaintiff a Right to Sue Letter.

9. This action is being commenced within ninety (90) days of receipt of the EEOC Right to Sue Letter.

## PARTIES

10. At all material times, Plaintiff NATTLENA BAKER (hereinafter referred to as "Plaintiff" or "BAKER") is an individual female who is a resident of the State of Florida and resides the Broward County.

11. At all material times, Defendant THE SCHOOL BOARD OF BROWARD, FLORIDA (hereinafter "Defendant" and/or "BROWARD") is a domestic For-Profit Business Corporation authorized under the laws of the State of Florida with offices in Broward County, Florida.

12. Defendant BROWARD is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## STATEMENT OF FACTS

13. On or around September 1, 2007, Plaintiff Baker was hired by Defendant BROWARD.

14. On or around March 22, 2016, Defendant BROWARD transferred Ms. Baker to the "Bus Division" where she was training and subsequently assumed the role of a "Bus Driver."

15. In or around April 2016, Ms. Baker was diagnosed with Lupus, also known as Systemic Lupus Erythematosus.

16. Over the course of 2016, through 2017, Ms. Baker's physicians continued to evaluate Ms. Baker, further diagnosing her with Fibromyalgia, Reynolds Disease and severe neuropathy.

17. As a result of her diagnoses, Ms. Baker suffers from varying symptoms including but not limited to chronic fatigue, joint pain, limited walking, severe burning, sporadic mood changes limited heat/sun exposure and skin irritation. Furthermore, Ms. Baker has unpredictable "Flare Ups" which vary in degree of severity and require strict management/care regiments to reduce her pain and risk of future "Flare Ups."

18. Upon being diagnosed in April 2016, Ms. Baker immediately notified Defendant BROWARD by contacting her direct supervisors.

19. Plaintiff further applied for FLMA and provided all necessary documentation to aid Defendant BROWARD in evaluating her accommodation request, including but not limited to doctors' notes, tests, etc.

20. Beginning in or around October 2017, upon realizing her symptoms were continuing to progress and worsen, Ms. Baker began to contact the Manager of the Bus Terminal, Ms. McBride, and her direct Supervisor, Ms. Keesha Hudson, inquiring into whether they would permit Ms. Baker to park close to the Bus Depot's Main Building. Ms. Baker explained that as a result of her Lupus, she was having difficulty walking and enduring increased pain when she had to park a long distance from the Building.

21. Despite her conversation and requests, Defendant BROWARD refused to accommodate Ms. Baker.

22. In or around April 2018, Ms. Baker continued to escalate her requests, again asking Ms. McBride and Ms. Hudson for a reasonable accommodation by letting her park closer to the building.

23. The property on which Defendant's Parking Lot resides is an expansive property with only two (2) allotted handicap parking spots out of an estimated three hundred (300).

24. Again, Defendant BROWARD refused to accommodate Ms. Baker.

25. As a result of the ongoing refusal, Ms. Baker's symptoms continued to worsen, causing her rapidly increasing pain and discomfort with each day.

26. Ultimately, on or around May 16, 2018, Ms. Baker submitted formal documentation to Defendant BROWARD wherein Ms. Baker requested in writing a written accommodation for closer parking as well as a bus with air conditioning.

27. On or Around August 15, 2018, Defendant BROWARD partially approved Ms. Baker's request and provided her with an air-conditioned Bus. Despite her continued ten (10) months of pleading verbally and in writing, Defendant BROWARD continued to refuse Ms. Baker's simple request of a closer space.

28. Defendant BROWARD continuously denied this harmless request without justification and despite knowing full-and-well that there was a simple remedy available.

29. Furthermore, and even more glaringly, Defendant BROWARD seemed to utterly disregard this ongoing request, failing to even so much as engage Ms. Baker in a conversation wherein a mutually agreed upon solution could have been achieved.

30. On or around September 25, 2019, at or around the same time as the accommodation process proceeded, Ms. Baker's Supervisor called Ms. Baker into a conference room to have a conversation.

31. Upon entering the conference room, Defendant BROWARD informed Ms. Baker that she was being terminated, effective October 1, 2019.

32. Defendant BROWARD wrongfully and unlawfully terminated Ms. Baker, because of her disability, and in retaliation for her continued requests for an accommodation.

33. Plaintiff further pleads, in the alternative that she was constructively discharged. During the course of this meeting with her supervisor, it was made clear to Ms. Baker that if she did not resign, she would lose her health benefits which she could not afford being without.

34. As such Ms. Baker was constructively discharged on or around October 1, 2018. Defendant made conditions so onerous, abusive, and intolerable for Plaintiff that no individual in Plaintiff's shoes would have been expected to continue working under such conditions and such that Plaintiff choice to resign was void of choice or free will.

35. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

36. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

37. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendant.

38. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

39. The above are just some examples, of some of the discrimination to which Defendant subjected Plaintiff.

40. Defendant has exhibited a pattern and practice of not only discrimination but also retaliation.

**AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT**

41. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 13 to 38.

42. Plaintiff claims Defendant BROWARD violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

43. SEC. 12112. [Section 102] specifically states

> (a) General rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

44. Section 102 continues: "As used in subsection (a) of this section, the term 'discriminate against a qualified individual on the basis of disability' includes … (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

45. At all material times, Plaintiff was a qualified individual whose job performance was more than satisfactory.

46. Defendant BROWARD violated the sections cited herein by failing to consider Plaintiff's requests for a reasonable accommodation, as well as discharging, creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of her disability and for having complained of discrimination.

47. 29 C.F.R. § 1630.2(o)(3) and (4) explains the term "**Reasonable Accommodations**" stating:

> (3) To determine the appropriate reasonable accommodation, it may be necessary for the covered entity to <u>initiate an informal, interactive process with the individual with a disability in need of the accommodation</u>. This process should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations.
>
> (4) A covered <u>entity is required</u>, absent undue hardship, <u>to provide a reasonable accommodation to an otherwise qualified individual who meets the definition of disability</u> under the "actual disability" prong ( paragraph (g)(1)(i) of this section), or "record of" prong ( paragraph (g)(1)(ii) of this section)…

48. At all times relevant, Defendant BROWARD, by and through its employees, intended to unlawfully discriminate against Ms. Knapp in the terms and conditions of her employment because of her disability and Defendant did unlawfully discriminate against Ms. Baker in the terms and privileges of her employment because of her disability in violation of the ADA.

49. Defendant BROWARD violated Plaintiff's rights under the ADA by (i) discriminating against Plaintiff regarding the conditions and privileges of employment because of her disability, (ii) forcing Plaintiff to resign because of her disability, (iii) failing to consider Plaintiff's requests for a reasonable accommodation, and (iv) because Defendant BROWARD failed to engage such discussions.

50. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

51. Plaintiff has been damaged by the illegal conduct of Defendant.

### AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT

52. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 13 to 38.

53. At all times relevant, Defendant's employees intended to unlawfully discriminate against Ms. Baker in their terms and conditions of her employment in violation of the ADA because she opposed a practice made unlawful by the ADA and BROWARD unlawfully discriminated against Ms. Baker because of that opposition.

54. At all times relevant, Ms. Baker acted in good faith and with the objective and subjective belief that violations of the ADA by Defendant BROWARD's employees had occurred.

55. At all times relevant, the unlawful discrimination by Defendant's employees against Ms. Knapp in the terms and conditions of her employment because she opposed a practice made unlawful by the ADA which would not have occurred but for that opposition.

56. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this

chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

57. At all times relevant, Defendant's employees acted intentionally and with reckless disregard of Ms. Knapp's rights protected by the ADA.

58. At all material times, the employer exhibiting discriminatory conduct against Plaintiff possessed the authority to affect the terms, conditions and privileges of Plaintiff's employment with the Defendant.

59. Defendant intentionally retaliated against Plaintiff by harassing her and discharging her for complaining of actions by Defendant made unlawful under the ADA.

60. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER FCRA

61. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 13 to 38.

62. At all times relevant to this action, Plaintiff was and is a disabled woman.

63. Plaintiff suffered from

64. As a result of her disability and her continued requests for an accommodation, Plaintiff further suffered as a result of being exposed to disability discrimination and unlawful discharge.

65. Defendants are prohibited under the FCRA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

66. Defendant violated the FCRA by unlawfully discharging and discriminating against Plaintiff based her disability, in which the Defendants were fully aware of.

67. Defendant BROWARD violated Plaintiff's rights under the ADA by (i) discriminating against Plaintiff regarding the conditions and privileges of employment because of her disability, (ii) forcing Plaintiff to resign because of her disability, (iii) failing to consider Plaintiff's requests for a reasonable accommodation, and (iv) because Defendant BROWARD failed to engage such discussions.

68. Conduct of Defendant and/or its agents deprived Plaintiff of her statutory rights guaranteed under federal law.

69. Plaintiff has been damaged by the illegal conduct of Defendant.

### AS A FOURTH CAUSE OF ACTION FOR RETALIATION UNDER FCRA

70. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 13 to 38.

71. At all times relevant to this action, Plaintiff was and is a disabled woman.

72. Plaintiff suffered from

73. As a result of her disability and her continued requests for an accommodation, Plaintiff further suffered as a result of being exposed to disability discrimination and unlawful discharge.

74. At all material times, Plaintiff opposed and complained of Defendants' unlawful conduct.

75. Defendants are prohibited under the FCRA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

76. After Plaintiff opposed and complained of Defendant ARCENA's unlawful conduct, Defendants forced Plaintiff to resign was, in whole or in part, in retaliation for her complaints and opposition to unlawful discrimination in the workplace.

77. Defendant BROWARD violated Plaintiff's rights under the ADA by (i) discriminating against Plaintiff regarding the conditions and privileges of employment because of her disability, (ii) forcing Plaintiff to resign because of her disability, (iii) failing to consider Plaintiff's requests for a reasonable accommodation, and (iv) because Defendant BROWARD failed to engage such discussions.

78. Defendant violated the FCRA by retaliating against the Plaintiff in the terms and conditions of her employment and has denied the Plaintiff the ability to have continued employment in retaliation for her lawfully having engaged in statutorily protected activity and as a result of her complaints of discrimination.

79. Defendant violated the FCRA by unlawfully discharging Plaintiff based her requests for an accommodation and because of her complaints of discrimination.

**DEMAND FOR JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and economic damages, punitive damages, liquidated damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Miami, Florida
      September 25, 2019

DEREK SMITH LAW GROUP, PLLC
*Attorneys for Plaintiff*

Caroline H. Miller, Esq.
Caroline@dereksmithlaw.com
701 Brickell Avenue, Suite 1310
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741